1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARC SARDELLA-LAGOMARSINO,

11              Petitioner,                  No. 2: 12-cv-1866 TLN KJN P

12        vs.

13   GARY SWARTHOUT, et al.,

14              Respondents.              FINDINGS AND RECOMMENDATIONS

15   _____/

16   I. Introduction

17              Petitioner is a state prisoner, proceeding without counsel, with a petition for writ

18   of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner alleges that on September 23, 2011,

19   the Board of Parole Hearings ("BPH") violated his right to due process by denying his September

20   21, 2011 request for an advanced parole hearing.[1]

21              Pending before the court is respondent's motion to dismiss.  After carefully

22   considering the record, the undersigned recommends that respondent's motion be granted.

23

24        [1]  The petition raised a second claim: the BPH violated petitioner's right to due process by
     finding petitioner unsuitable for parole on the ground that the psychological assessments and
25   evaluations of petitioner, on which the BPH relied, were unreliable.  On October 3, 2012, the
     undersigned ordered that this claim would proceed in the other habeas petition on which
26   petitioner proceeds in this court, Case No. 12-cv-0882.

                                         1

II.  <u>Discussion</u>

California Penal Code Section 3041.5 provides that inmates may request that the BPH advance their next parole suitability hearing:

> (d)(1) An inmate may request that the board exercise its discretion to advance a hearing set pursuant to paragraph (3) of subdivision (b) to an earlier date, by submitting a written request to the board, with notice, upon request, and a copy to the victim which shall set forth the change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration of the inmate.
>
> (2) The board shall have sole jurisdiction, after considering the views and interests of the victim to determine whether to grant or deny a written request made pursuant to paragraph (1), and its decision shall be subject to review by a court or magistrate only for a manifest abuse of discretion by the board. The board shall have the power to summarily deny a request that does not comply with the provisions of this subdivision or that does not set forth a change in circumstances or new information as required in paragraph (1) that in the judgment of the board is sufficient to justify the action described in paragraph (4) of subdivision (b).

Cal. Penal Code § 3041.5(d)(1), (2).

Petitioner argues that the BPH improperly denied his request to advance his next parole suitability hearing.  (Dkt. 1 at 17.)  Petitioner argues that when the BPH found him unsuitable for parole in 2010, it instructed him to stay disciplinary free, earn positive chronos, cooperate with clinical evaluation, etc.  (<u>Id.</u> at 19.)  Petitioner argues that when he applied for an advanced hearing, he provided the BPH with proof that he had completed several more self-help groups, had positive chronos, had remained disciplinary free, etc.  (<u>Id.</u>)  Petitioner alleges that the BPH denied his request to advance his hearing because he had provided "no new evidence."  (<u>Id.</u> at 21.)  Petitioner argues that the BPH wrongly denied his request because he did submit new evidence.  (<u>Id.</u> at 22.)

In his opposition to the pending motion, petitioner also argues that the BPH could not have sent his request to the victim, as required by law, because his request was denied only two days after being submitted.  (Dkt. No. 17 at 5.)

////

////

1    Respondent first argues that this action should be dismissed because success on

2    petitioner's claim will not necessarily accelerate his release from prison.

3    Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or

4    speedier release'" from confinement.  Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting

5    Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)).  "Where the prisoner's claim would not

6    'necessarily spell speedier release,' however, suit may be brought under § 1983."  Skinner, 131

7    S.Ct. at 1293 (quoting Wilkinson, 544 U.S. at 82).

8    Although petitioner's ultimate goal is a speedier release from incarceration, the

9    immediate relief sought on this ground is a speedier opportunity to attempt to convince the BPH

10   that he should be released; that is too attenuated from any past finding by the BPH of parole

11   unsuitability for such a claim to sound in habeas.  Rather this claim is a challenge to the

12   constitutionality of state procedures for scheduling parole suitability hearings and could properly

13   proceed pursuant to an action under 42 U.S.C. § 1983.  Skinner v. Switzer, 131 S. Ct. at 1298

14   ("Success in his suit for DNA testing would not 'necessarily imply' the invalidity of his

15   conviction"); id., citing Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) ("Success ... does not mean

16   immediate release from confinement or a shorter stay in prison" but "at most [a] new eligibility

17   review ...." or "a new parole hearing....").  Moreover, the Supreme Court in Wilkinson expressly

18   noted that a claim seeking "an injunction barring future unconstitutional procedures did not fall

19   within habeas' exclusive domain."  Id. at 81.  Even earlier, the Ninth Circuit had found that the

20   challenge of inmates to a sex offender treatment program as a violation of, inter alia, the ex post

21   facto clause and their due process rights was appropriate under § 1983 because victory could only

22   result in "a ticket to get in the door of the parole board ....," and did not undermine the validity of

23   convictions or continued confinement.  Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997).

24   Because, as noted by respondent, petitioner's challenge to the timing of his next

25   parole suitability hearing will not result in his release from incarceration or a shorter sentence, his

26   claim is outside the jurisdiction of habeas review.

3

1    Respondent also moves to dismiss on grounds that petitioner's claim is not a

2 cognizable federal claim.  An application for a writ of habeas corpus by a person in custody

3 under a judgment of a state court can be granted only for violations of the Constitution or laws of

4 the United States. 28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the

5 interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).

6    Respondent argues, and the undersigned agrees, that petitioner challenges the

7 BPH's alleged abuse of discretion and misapplication of standards set forth in California Penal

8 Code § 3041.5.  Petitioner does not allege a violation of the Constitution.

9    In any event, to succeed on this claim petitioner would have to demonstrate that

10 the denial of his claim by the state courts 1) resulted in a decision that was contrary to, or

11 involved an unreasonable application of clearly established Federal law, as determined by the

12 Supreme Court of the United States; or 2) resulted in a decision that was based on an

13 unreasonable determination of facts in light of the evidence that was presented in the State court

14 proceedings.  28 U.S.C. § 2254(d).  Petitioner cites no federal law providing that the federal

15 constitutional right to due process is implicated by a parole board's decision to deny an inmate's

16 request to advance a scheduled parole hearing.  While there is federal authority that due process

17 is implicated by a board's decision to deny parole, see Swarthout v. Cooke, 131 S. Ct. 859

18 (2011), none of these decision apply to the BPH's decision to grant a request to advance a parole

19 suitability hearing.  See Aranda v. Grounds, 2012 WL 5289401 (N.D. Cal. 2012).

20    Respondent correctly points out that if due process does not require an evidentiary

21 review of a decision denying parole, see Swarthout v. Cooke, 131 S.Ct. at 862-63, then there can

22 be no due process right to an evidentiary review of a decision denying a request to advance a

23 suitability hearing.  For these reasons, the undersigned finds that petitioner has not stated a

24 cognizable claim for relief.

25    Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

26 dismiss (Dkt. No. 16) be granted.

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

3  one days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

6  objections, he shall also address whether a certificate of appealability should issue and, if so, why

7  and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

8  the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

9  2253(c)(3). Any response to the objections shall be filed and served within fourteen days after

10  service of the objections.  The parties are advised that failure to file objections within the

11  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

12  F.2d 1153 (9th Cir. 1991).

13  DATED:  April 12, 2013

14

15

16  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

17  lago1866.mtd

18

19

20

21

22

23

24

25

26

5